IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCUS O. TATE, #180664, | ) | |
| a/k/a/ MARCUS ORLANDO TAITE, | ) | |
| a/k/a/ DR. ELIJAH J. MUHAMMED, II, | ) | |
| a/k/a/ DRELIJAH JOSHUA MUHAMMAD, | ) | |
| a/k/a ELIJAH JOSHUA MUHAMMAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:13-CV-726-WHA |
| | ) | [WO] |
| | ) | |
| PRESIDENT PRO TEMPORE | ) | |
| SENATORS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Marcus Orlando Tate, a state inmate, filed this *pro se* civil action on October 3, 2013. According to the face of the complaint, Plaintiff seeks to file this matter pursuant to the Federal Tort Claims Act. *See* 28 U.S.C. § 2671, *et seq*. He names as defendants President Pro Tempore Senators, Chief Justice Judges, the Circuit Judges and District Attorneys of the sixty-seven counties in the State of Alabama, Attorney General Luther Strange, and the Alabama Board of Pardons and Paroles. For relief, Plaintiff requests that the conviction and sentence under which he is currently incarcerated be vacated, abolished, removed, canceled, and immediately set aside, and he also seeks $300 million in

compensatory damages.[1]

## I.  DISCUSSION

Upon initiation of this case, Plaintiff filed a motion for leave to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. § 1915(a).  *Application to Proceed Without Prepayment of Fees - Court Doc. No. 3*.  However, under 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2]

The records of the federal courts of this state establish that Plaintiff, while incarcerated or detained, has on at least three occasions had 42 U.S.C. § 1983 cases

---

[1] The court notes that where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief sought is a determination that he is entitled to immediate release or a speedier release from that imprisonment, the inmate's federal remedy is by way of a writ of habeas corpus.  *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).  Further, the proper vehicle for mounting a challenge to the fact of a plaintiff's state court criminal conviction and/or sentence would be the filing of a petition under 28 U.S.C. § 2254.

[2] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."  549 U.S. at 216, 127 S.Ct. at 921.

dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit. The referenced cases are: (1) *Taite v. Haley, et al.*, Case No. 2:02-CV-34-MHT-CSC (M.D. Ala. 2002); (2) *Plaintiff, et al., v. Keahey, et al.*, Case No. 1:02-CV-734-BH-S (S.D. Ala. 2003); and (3) *Plaintiff v. Lawson*, Case No. 2:06-CV-1779-RBP (N.D. Ala. 2006).[3] In addition to these civil actions, Plaintiff filed *Drelijah Joshua Muhammad, II v. McIntyre, III, et al.*, Case No. 1:06-CV-228-BH-C (S.D. Ala. 2006) in the United States District Court for the Southern District of Alabama, which "dismissed for lack of subject matter jurisdiction due to plaintiff filing the § 1983 action while he was a prisoner, paying the filing fee, and suing non-state actors, which therefor placed his action beyond the purview of 28 U. S. C. §§ 1915 and § 1915A. The complaint was found to be without legal merit. By all reasoning, the preceding action meets the criteria ... for a frivolous action – that a frivolous action is one that is 'based on [an] indisputably meritless legal theory' or 'lacks an arguable basis in law.'" *Plaintiff v. Bass, et al.*, Civil Action No. 1:07-305-KD-C (S.D. Ala. 2007) (citations omitted) - *Report and Recommendation of the Magistrate Judge* (dismissing case pursuant to 28 U.S.C. § 1915(g)) -- *Court Doc. No. 5* at 2, adopted as opinion of the court by order of June 22, 2007 - *Court Doc. No. 10*. This court, therefore, concludes that the summary dismissals of these four cases place Plaintiff in violation of 28

---

[3] The requisite dismissals are indicated on the docket sheets maintained by each respective court in the referenced cases.

U.S.C. § 1915(g).

The court has reviewed the claims presented in the instant action. The allegations made the basis of the instant complaint fail to demonstrate that Plaintiff was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)). Based on the foregoing, the court concludes that Plaintiff's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Plaintiff failed to pay the requisite filing fee upon his initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit.").

## II. CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Plaintiff (*Court Doc. No. 3*) be and is hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without

prejudice for Plaintiff's failure to pay the requisite filing fee upon the initiation of this case.

It is further

ORDERED that on or before **November 7, 2013,** Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 24th day of October, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE